IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KELTON SMITH**                                                                                                    **PLAINTIFF**

v.                                    **CASE NO. 4:23-CV-00748-BSM**

**WILLIAM TAPLEY; LISA MABRY-
WILLIAMS; and CITY OF CONWAY**                                                      **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 46] is granted on all of plaintiff's claims.

## I. BACKGROUND

The undisputed facts as set forth in plaintiff's response to defendants' statement of undisputed material facts (SUMF), Doc. No. 60, are as follows.

Kelton Smith is a black patrol officer whose employment with the Conway Police Department began in September of 2017. SUMF ¶¶ 1–3. William Tapley was Chief of Police from July 2020 to December 31, 2023. *Id.* ¶ 4. Lisa Mabry-Williams has been the Human Resources Director for the City of Conway since 2003. *Id.* ¶ 5.

In September 2021, Smith and Officer Liza Prophete engaged in a vehicle pursuit in which they drove eastbound in the westbound lane of the highway before being ordered to terminate the pursuit. *Id.* ¶ 8. Although Lieutenant Chris Padgett found that Smith and Prophete complied with department policy, some members of the command staff disagreed. *Id.* ¶ 10. Smith's supervisor, Sergeant Tucker, subsequently issued a Form 219 write up to Smith for violating department policy, and Tapley issued a written reprimand to Prophete

*Id.* ¶¶ 7, 11, and 13.

In May 2023, Tapley conducted a sergent promotion test to begin the process of hiring a new sergeant. SUMF ¶ 59. When the unofficial test results were scored, Smith and Brittany Byrd were ranked one and two respectively, and Michael Jones, Matthew Holland, James Burroughs, and Steven Spurgers tied for third place. *Id.* ¶ 62. Tapley and four lieutenants then interviewed the candidates. *Id.* ¶¶ 64–65. Although Burroughs tied for third on the test, he was promoted. *Id.* ¶ 191. Smith submitted a grievance because he believed that he was not promoted due to his race and because he was in a relationship with Byrd. *Id.* ¶ 73. Major Welsh forwarded the grievance to Mayor Castleberry, who notified Smith that Tapley properly exercised his authority when he promoted Burroughs. *Id.* ¶¶ 76, 78.

Smith is suing the City of Conway, William Tapley, and Lisa Mabry-Williams in their individual and official capacities under 42 U.S.C. section 1983, Title VII, the Family Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), the Rehabilitation Act, the Arkansas Minimum Wage Act (AMWA), the Arkansas Civil Rights Act (ACRA), and the Arkansas Whistle Blower Act. Defendants are moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary judgment is granted. Smith admits that summary judgment is appropriate on his Arkansas Whistleblower Act, FMLA, Rehabilitation Act, FLSA, and AMWA claims. *See* Resp. Def.'s Mot. Summ. J. ¶¶ 9–12, Doc. No. 61 ("Smith Resp."). Smith admits that summary judgment is appropriate on his section 1983 and ACRA claims against the City of Conway. *Id.* ¶ 13. Accordingly the only remaining claims are Smith's section 1983 and ACRA claims against Tapley and Mabry-Williams in their individual capacities and his Title VII claims against the City.

    A.    <u>Race Discrimination</u>

Summary judgment is granted on Smith's race discrimination claims. Race discrimination claims brought under section 1983 are analyzed similarly to those brought under Title VII. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (applying *McDonnell Douglas* burden shifting test). Unlike cases brought under Title VII, race discrimination claims brought under section 1983 may be brought against individuals. 42 U.S.C. § 2000e (b); *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000).

Smith does not have direct evidence of race discrimination, so he is attempting to

3

show that discrimination can be inferred by defendants' actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This requires Smith to establish a prima facie case of discrimination. *Id.* If he does this, the burden shifts to defendants to provide legitimate non-discriminatory reasons for each of their decisions. *Id.* If defendants meet this burden, the burden shifts back to Smith to show that the reasons provided by defendants are merely pretext for discrimination. *Id.* at 804. Discrimination claims arising under Title VII, section 1983, and the Arkansas Civil Rights Act are analyzed under the same standard. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012); *Richmond v. Bd. of Regents of Univ. of Minnesota*, 957 F.2d 595, 598 (8th Cir. 1992).

### 1. Form 219

Summary judgment is granted on Smith's discrimination claim based on the Form 219 write-up that he received as a result of the vehicle chase. To create an inference of discrimination, Smith must show that he (1) is a member of a protected class; (2) met the department's expectations; (3) suffered adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014). Defendants concede that Smith meets the first two elements. Br. Supp. Defs.' Mot. Summ. J. at 21, Doc. No. 48 ("Def. s' Br"). An adverse employment action is one that produces an employment disadvantage and Smith argues that the issuance of a Form 219 is a disadvantage. *See Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 359 (2024). Although Smith admits that a Form 219 is non-punitive, he sufficiently argues that it can affect transfers to special squads or promotions, so he meets the third element. SUMF

¶ 7. To meet the fourth element, Smith argues that discrimination can be inferred by the fact that a white officer, Kyle Krogman, also engaged in a pursuit in which he drove down the wrong side of the road, but he did not receive a Form 219. *Id.* ¶ 15. The problem for Smith is that nothing in the record shows that Tapley or Mabry-Williams were involved in Sergeant Tucker's decision to issue the Form 219 to him. Indeed, in Smith's deposition, he states that he believes the person responsible for his write-up was either Major Clay Smith, Major Lee Wood, or Sergeant Holliman. SUMF, Ex. 2, Smith Dep. Vol. I, 173:22–23. Consequently, neither Tapley nor Mabry-Williams can be held liable for the Form 219 issued to him. Moreover, Smith's Title VII claim against the City for issuing the Form 219 is time-barred because he was issued the Form 219 on November 23, 2021 and he filed his EEOC charge on August 7, 2023. 42 U.S.C. § 2000e-5; *see Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988) (EEOC charge must be filed within 180 days of the discriminatory act). For these reasons, summary judgment is granted on Smith's claims regarding the Form 219.

### 2. Promotion

Summary judgment is granted on Smith's failure to promote claim because there are no material issues of fact in dispute. Defendants concede that Smith has established a prima facie case: (1) he is a member of a protected group; (2) he applied for a promotion to a position for which he was qualified; (3) he was not promoted; and (4) a white applicant was promoted. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011) (en banc); *see* Reply Supp. Defs.' Mot. Summ. J. at 6, Doc. No. 65 ("Reply"). In response, defendants argue that Burroughs was promoted because he was senior to Smith, held a commission on

law enforcement standards and training senior certificate, had patrol and narcotics experience, had military service, and served in leadership roles. SUMF ¶ 71.

Although unclear, Smith seems to argue that defendants' response is pretextual because (1) he scored the highest on the written certification exam and (2) Burroughs spent five years with the U.S. Marshals joint task force and was not at the Conway Police Department full-time. Br. Supp. Pl.'s Resp. Def. Mot. Summ. J. at 3, Doc. No. 62 ("Smith Br. Supp."). As to the first argument, Smith admits that Tapley has historically promoted candidates who did not rank first on the written exam. SUMF ¶¶ 79–86. As to the second argument, Smith admits that while Burroughs was working with the task force, he was also working with the Conway Police Department warrants division, narcotics unit, and criminal investigations unit. *Id.* ¶ 70. Smith also fails to point to specific evidence showing he was more qualified than Burroughs. Therefore, as a matter of law, he has failed to show that defendants' reasoning for hiring Burroughs was pretextual. *See Torgerson* 643 F.3d at 1049 (similar qualifications do no give rise to an inference of discrimination).

B. <u>Retaliation</u>

Summary judgment is granted on Smith's retaliation claims against Tapley and Mabry-Williams because he has failed to show a causal connection between an adverse employment action and protected activity. *See Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). To establish a prima facie case of retaliation, Smith must show that (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal connection between elements one and

6

two. *Id.*

Smith alleges that he satisfies the first element because he engaged in protected activity when he submitted an affidavit in support of Byrd's lawsuit in November of 2022. *See* Smith Br. Supp. at 4. Defendants argue that this speech is not protected by the First Amendment because it is a public employee speaking on a matter of personal interest. *See* Reply at 4. While it may be true that it was a personal interest, it is a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146 (1983); *see Minten v. Weber*, 832 F. Supp. 2d 1007, 1019–20 (N.D. Iowa 2011) (collecting cases). Smith alleges he suffered adverse employment actions when he was passed over for the sergeant promotion by Tapley in June of 2023 and when he was issued a Form 219 in November of 2021. The problem Smith has is that there is nothing in the record showing a causal connection between his submission of an affidavit in Byrd's lawsuit and Tapley's decision to promote Burroughs, or his supervisor's decision to write him a Form 219. Indeed, there is not even an inference of retaliation because the time between the submission of the affidavit and the actions are too attenuated. *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 616 (8th Cir. 2003) (two months is too long to support an inference of causation). Thus, Smith has not established a prima facie case of retaliation.

Summary judgment is granted on Smith's retaliation claim against the City of Conway under the ACRA for the same reason; he has failed to present a prima facie case of discrimination. *See James v. George's, Inc.*, 646 S.W.3d 238, 243 (Ark. Ct. App. 2022) (elements of an ACRA retaliation claim). Summary judgment is granted on Smith's Title VII

claims against the City of Conway because he has pointed to no evidence that his affidavit was the but for cause of Tapley's promotion decision or his supervisor's decision to issue the Form 219. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).

## IV. CONCLUSION

For these reasons, defendants' motion for summary judgment is granted and Smith's case is dismissed with prejudice.

IT IS SO ORDERED this 19th day of September, 2025.

                                                  UNITED STATES DISTRICT JUDGE